COURT OF APPEALS
DECISION
DATED AND FILED

July 7, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1177**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV5322

IN COURT OF APPEALS
DISTRICT I

MARCOS RAMOS-GARCIA,

PLAINTIFF-RESPONDENT,

V.

ELIZABETH RESTO,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: BRITTANY C. GRAYSON, Judge. *Affirmed*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Elizabeth Resto appeals a circuit court order denying her request for an award of bond and attorney's fees relating to a temporary injunction. She also argues she is entitled to costs because the case was ultimately dismissed with prejudice. For the reasons discussed below, we reject Resto's arguments and we affirm.

## BACKGROUND

¶2    On August 17, 2022, Marcos Ramos-Garcia filed a complaint against Resto raising a libel claim. According to the complaint, in the summer of 2022, Resto made false statements about Ramos-Garcia on social media and to Ramos-Garcia's friends. The complaint detailed several social media posts which criticized Ramos-Garcia and his promotion of two events, and asserted that Ramos-Garcia was an unsafe person for women to be around. In one of Resto's posts, she stated that Ramos-Garcia "has multiple accusations from women who had predatory experiences with him" and multiple women told her "they woke up not remembering anything the next day after partying with him."

¶3    On the same date the complaint was filed, Ramos-Garcia filed an emergency ex parte motion for a temporary injunction. The motion sought to bar Resto from: (1) publishing any defamatory statements about Ramos-Garcia; (2) contacting any of Ramos-Garcia's business partners or associates and communicating any defamatory statements about Ramos-Garcia; (3) communicating any defamatory statements to the public about Ramos-Garcia; and (4) causing anyone else to communicate or publish any defamatory statements about Ramos-Garcia.

¶4    On September 21, 2022, the circuit court held a hearing on the temporary injunction at which Resto appeared. At the start of the hearing, Resto

stated that she had been served in the courtroom hallway and was objecting to service. The court indicated that it intended to hold an ex parte temporary injunction hearing. Resto stated that she was there because she understood that the ex parte nature of the proceedings meant that the court could possibly issue a ruling before she was served or heard and she wanted to be heard if there was a ruling.

¶5 During the hearing, Ramos-Garcia testified and denied ever having been called a predator before and denied having ever been accused of sexually harming a person before. Ramos-Garcia moved Resto's social media posts into evidence and asserted that the posts harmed his reputation as a business owner, his income, and his reputation in the community. Resto declined to testify. Resto argued that there was no emergency and a temporary injunction would "enjoin [her] freedom of speech[.]"

¶6 The circuit court found a basis for a temporary injunction and ordered Ramos-Garcia to post a $5,000 bond. The court, however, stated that it was not ordering the prior posts to be deleted or ordering Resto to refrain from speaking to individuals that may have information to bolster her defense.

¶7 On September 29, 2022, the circuit court signed a written order prohibiting Resto from: (1) publishing any defamatory statements about Ramos-Garcia; (2) contacting any of Ramos-Garcia's business partners or associates and communicating any defamatory statements about Ramos-Garcia; (3) communicating, in person, by phone, through social media, by any form of electronic communication, or through any other means of communication, any defamatory statements about Ramos-Garcia to any members of the public; and

(4) causing anyone else to communicate or publish any defamatory statements about Ramos-Garcia.

¶8      Resto retained counsel and filed a motion seeking to vacate the injunction.  Resto argued that "[i]njunctions that restrain speech-based behavior must be proven at trial before they can be enforced" and "[c]ourts cannot restrain future speech or impose an injunction on *potentially* defamatory speech that *might* be false."  Resto also asserted that the "emergency" that Ramos-Garcia cited was a summer beach party which had "passed without incident."  In response, Ramos-Garcia requested that the injunction be vacated without a hearing.  Ramos-Garcia did not respond to the merits of Resto's arguments.

¶9      The circuit court held a hearing on the parties' request to vacate the injunction.  At the hearing, the parties both agreed on the record to have the injunction vacated.  Based on the parties' stipulation, the court vacated the injunction.  The court did not decide the merits of Resto's arguments.

¶10      Subsequently, Resto filed a motion asserting that she successfully vacated the injunction and was entitled to the $5,000 bond and attorney's fees relating to the injunction.  After hearing argument, the circuit court denied Resto's request.  The court observed that there was a stipulation as opposed to a determination that Ramos-Garcia was not entitled to the injunction.  Thus, the court found that Resto was not entitled to the $5,000 bond and attorney's fees relating to the injunction.

¶11      On December 29, 2023, Ramos-Garcia filed a motion to dismiss his case with prejudice and preemptively argued that there should be no award of attorney's fees.  Resto did not oppose the dismissal of the case, but filed a motion for transcript and videographer costs and renewed her request for attorney's fees

and the bond relating to the temporary injunction. The circuit court denied the request. The court indicated that it was "not persuaded that a dismissal of the action with prejudice is the equivalent to a determination that the injunction was improvidently issued." Further, the court declined to "exercise its equitable powers to award costs and attorney fees."

¶12 Resto now appeals. Additional relevant facts will be referenced below.

## DISCUSSION

¶13 On appeal, Resto argues that the circuit court's imposition of the temporary injunction was erroneous. Although the injunction was vacated by the stipulation of the parties and is no longer in effect, Resto asserts she is entitled to the $5,000 bond and attorney's fees related to the injunction pursuant to WIS. STAT. § 813.06 (2023-24).[1] Resto additionally asserts she is entitled to costs pursuant to WIS. STAT. § 814.03(1). We disagree.

¶14 This case presents a question of statutory interpretation, which we review de novo. *Clean Wis., Inc. v. DNR*, 2021 WI 72, ¶10, 398 Wis. 2d 433, 961 N.W.2d 611. When interpreting a statute, we start with the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words of a statute are plain, we stop our inquiry and apply the words chosen by the legislature. *Id.* "Statutory language is given its common, ordinary, and accepted meaning, except that

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

technical or specially-defined words or phrases are given their technical or special definitional meaning." ***Id.***

¶15    WISCONSIN STAT. § 813.06 requires a party seeking an injunction to post a bond.  If the court "finally decides" that the party was not entitled to an injunction, the party who sought the injunction "will pay" the bond to the enjoined party.  The statute provides in relevant part:

> the court or judge shall, require a bond of the party seeking an injunction, with sureties, to the effect that he or she will pay to the party enjoined such damages, not exceeding an amount to be specified, as he or she may sustain by reason of the injunction if the court finally decides that the party was not entitled thereto.

¶16    At issue here is whether there was a final determination from the circuit court regarding the temporary injunction which would entitle Resto to the $5,000 bond.  As the circuit court observed, there was not a final determination that the injunction was improperly granted.  The circuit court never issued a ruling on the injunction.  Rather, the parties stipulated on the record to the dismissal of the injunction.

¶17    Resto contends that this court can now examine the propriety of the injunction and make a final determination based on ***Muscoda Bridge Co. v. Worden-Allen Co.***, 207 Wis. 22, 239 N.W 649 (1931).  ***Muscoda***, however, is distinguishable.  In ***Muscoda***, the circuit court issued a temporary injunction ordering the defendants to desist and refrain from constructing or erecting any structure in the water on the Wisconsin River.  ***Id.*** at 24-25.  Subsequently, the defendants moved to have the injunction dissolved, which the circuit court denied. ***Id.*** at 25.  After the case was heard on the merits, the circuit court made findings of fact and conclusions of law and entered a permanent injunction.  ***Id.***  The

6

appellate court reversed, and a judgment was entered dismissing the complaint. *Id.* at 25-26. A referee was appointed to hear damages and the defendants again appealed. *Id.* at 26. Relevant to this case, the court stated that the final outcome of the matter after appeal was dispositive of whether there was a final determination that the party was not entitled to the injunction bond. *Id.* at 29-30.

¶18 Here, as stated above, the defendants stipulated to the dismissal of the temporary injunction. The circuit court did not issue a ruling on the merits of Resto's request to vacate the injunction. Thus, unlike in *Muscoda*, there is no fact finding or legal decision from the circuit court for this court to review. By entering a stipulation in lieu of obtaining a circuit court decision, the defendants forfeited the right to challenge the injunction on appeal. *See generally*, *Buchberger v. Mosser*, 236 Wis. 70, 77, 294 N.W.2d 492 (1940) ("Where an order is made on stipulation of all the parties to an action, it cannot be appealed because no one is aggrieved."). Thus, we are not persuaded that Resto is entitled to the bond or attorney's fees relating to the injunction under WIS. STAT. § 813.06.[2]

¶19 Additionally, we are not persuaded that Resto is entitled to costs under WIS. STAT. § 814.03(1). This statute provides that if a plaintiff is not entitled to costs, a defendant "shall be allowed costs[.]" While a literal reading of this statute suggests that a defendant is entitled to costs whenever a plaintiff does not recover, our supreme court has rejected this interpretation and has held that the

---

[2] Resto also briefly discusses *Estate of Radley v. Ives*, 2011 WI App 144, 337 Wis. 2d 677, 807 N.W.2d 633 in her argument pertaining to WIS. STAT. § 813.06. *Estate of Radley*, however, involved a different statute, WIS. STAT. § 814.01. *Estate of Radley*, 337 Wis. 2d 677, ¶6.

statutory scheme contemplates the awarding of costs only to "successful parties." ***DeGroff v. Schmude***, 71 Wis. 2d 554, 568, 238 N.W.2d 730 (1976);[3] ***Sampson v. Logue***, 184 Wis. 2d 20, 27, 515 N.W.2d 917 (Ct. App. 1994) ("A prevailing defendant is entitled to statutory costs against each unsuccessful plaintiff in a lawsuit.").

¶20 In this case, the circuit court dismissed the case with prejudice pursuant to Ramos-Garcia's motion and as a result did not enter any judgment in favor of either party. Therefore, neither party is the "successful" or "prevailing" party and neither party is entitled to costs. *See **DeGroff***, 71 Wis. 2d at 568 (holding that neither party was entitled to costs when there was no final determination on the merits and the action did not result in a judgment for one party or the other).

¶21 Therefore, for all of the reasons above, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] ***DeGroff v. Schmude***, 71 Wis. 2d 554, 238 N.W.2d 730 (1976) involved WIS. STAT. § 271.01, which was later renumbered to WIS. STAT. § 814.03(1). The substantive language did not change.